IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-164-BO

| | |
|---|---|
| CYNTHIA POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on July 28, 2014, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Acting Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) and supplement security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff filed for DIB and SSI on June 10, 2009, alleging disability since December 17, 2008. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who then issued an unfavorable ruling. The Appeals Council (AC) vacated the ALJ's decision and remanded the matter for further consideration. A second hearing was held, after which the ALJ again decided that plaintiff was not disabled. The ALJ's decision became the final decision of the Acting Commissioner when the AC denied plaintiff's request for review. Plaintiff then timely sought review of the ALJ's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's residuals from carpal tunnel syndrome and rotator cuff surgery, osteoarthritis to the knee, degenerative disc disease, obesity, and depression were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform less than the full range of sedentary work. The ALJ found that plaintiff could not return to her past relevant work but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of her decision.

Plaintiff contends that the ALJ erred in failing to give controlling weight to the opinion of a treating physician, Dr. Dawson, who opined that plaintiff is permanently and totally disabled. The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to the greatest of weight. SSR 96-2p. An ALJ must provide specific reasons for the weight given to a treating physician's opinion. *Id.*

The ALJ considered the opinion of Dr. Dawson and afforded it significant weight. Tr. 21. The ALJ further agreed with Dr. Dawson's opinion that plaintiff could not return to her past work. Tr. 21; 806. Dr. Dawson did not, however, as plaintiff suggests, opine that plaintiff was permanently and totally disabled from performing all work. The form that Dr. Dawson completed specifically references plaintiff's "usual work duties" and it clear from the record that Dr. Dawson did not offer an opinion as to plaintiff's "disability" as it relates to all work. Substantial evidence supports the ALJ affording this opinion significant weight, especially as it expressly related to plaintiff's ability to perform her past relevant work.

Plaintiff next contends that the ALJ erred in finding that plaintiff had the RFC to perform a reduced range of sedentary work. Plaintiff specifically alleges error in the ALJ's discrediting plaintiff's subjective complaints of pain. The Court finds that the ALJ's credibility assessment of plaintiff is supported by substantial evidence. When making the credibility determination, the ALJ found that while plaintiff's impairments could be reasonably expected to cause the alleged symptoms, plaintiff's statements concerning intensity, persistence, and limiting effects were not

4

credible. Tr. 20; 20 C.F.R. § 1529; SSR 96-7p. The objective medical evidence in the record revealed that plaintiff made full recoveries from her hand, shoulder, and knee surgeries and that plaintiff's examinations revealed full range of motion, no neurological deficits, and no evidence of significant abnormalities. *See e.g.* Tr. 976-77; 805; 942-43. Moreover, the ALJ found that plaintiff's own reports of her activities exceeded the very limited RFC she found to be applicable in this instance. Tr. 20; 41-46. The ALJ further limited plaintiff's RFC in light of her mental health impairments, though the record reflects that she routinely received Global Assessment of Function scores indicating minimal symptoms. *See e.g.* Tr. 685; 789; 873. Having fully considered the record, the Court finds that the ALJ's credibility assessment of plaintiff is supported by substantial evidence, as is the overall RFC finding. Thus, because substantial evidence supports her decision and the correct legal standard was employed, the decision of the ALJ is AFFIRMED.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings [DE 23] is DENIED and defendant's motion for judgment on the pleadings [DE 29] is GRANTED. The decision of the ALJ is AFFIRMED.

SO ORDERED, this __18__ day of August, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE